| THE IOWA STATE BAR ASSOCIATION Official Form No. 301 | Sarah M. Wolfe | FOR THE LEGAL EFFECT OF THE USE OF THIS FORM, CONSULT YOUR LAWYER |



# THE IOWA DISTRICT COURT
## WRIGHT COUNTY

SERVICE ACCEPTED 10/20/15 MRB

THEODORE JOHN GRIM III

Plaintiff(s),

VS.

CENTRUM VALLEY FARMS

Defendant(s).

LAW ☐

EQUITY ☐  No. _____

DATE PETITION FILED: _____

C15-3167 MWB

ORIGINAL NOTICE

TO THE ABOVE-NAMED DEFENDANT(S):

You are notified that a petition has been filed in the office of the clerk of this court naming you as the defendant(s) in this action. A copy of the petition (and any documents filed with it) is attached to this notice. The name(s) and address(es) of the attorney(s) for the plaintiff(s) (is) (are)

Nathaniel R. Boulton and Sarah M. Wolfe, 100 Court Avenue, Suite 425, Des Moines, Iowa 50309

The attorney's(s') phone number(s) (is) (are) 515-288-4148 ;

facsimile number(s) 515-288-4149 .

You must serve a motion or answer within 20 days after service of this original notice upon you, and within a reasonable time thereafter, file your motion or answer with the Clerk of Court for Wright County, at the county courthouse in Clarion Iowa. If you do not, judgment by default may be rendered against you for the relief demanded in the petition.

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at _____ . (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942)

(SEAL)

CLERK OF COURT
Wright _____ County Courthouse
Clarion _____ , Iowa 50525

IMPORTANT: YOU ARE ADVISED TO SEEK LEGAL ADVICE AT ONCE TO PROTECT YOUR INTERESTS

| © The Iowa State Bar Association 2013 IOWADOCS® | 301 ORIGINAL NOTICE FOR PERSONAL SERVICE Revised July 2013 |

# STATE OF IOWA JUDICIARY

Case No. CVCV024225
County Wright

Case Title  GRIM V. CENTRUM VALLEY FARMS, LLP

**THIS CASE HAS BEEN FILED IN A COUNTY THAT USES ELECTRONIC FILING.**
Therefore, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless you obtain an exemption from the court, you must file your Appearance and Answer electronically.

You must register through the Iowa Judicial Branch website at http://www.iowacourts.state.ia.us/Efile and obtain a log in and password for the purposes of filing and viewing documents on your case and of receiving service and notices from the court.

**FOR GENERAL RULES AND INFORMATION ON ELECTRONIC FILING, REFER TO THE IOWA COURT RULES CHAPTER 16 PERTAINING TO THE USE OF THE ELECTRONIC DOCUMENT MANAGEMENT SYSTEM:**
http://www.iowacourts.state.ia.us/Efile

**FOR COURT RULES ON PROTECTION OF PERSONAL PRIVACY IN COURT FILINGS, REFER TO DIVISION VI OF IOWA COURT RULES CHAPTER 16:** http://www.iowacourts.state.ia.us/Efile

Scheduled Hearing:

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at (641) 421-0990 . (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942.)

Date Issued  10/05/2015 11:19:12 AM



District Clerk of Wright        County
/s/ Jennifer Hogrefe

IN THE IOWA DISTRICT COURT FOR WRIGHT COUNTY

| | |
|---|---|
| THEODORE GRIM,<br>Plaintiff, | LAW NO. C15-3167 MWB |
| vs. | PETITION AT LAW |
| CENTRUM VALLEY FARMS, LLP,<br>Defendants. | |

## I. PRELIMINARY STATEMENT

1. This is a civil action in which Plaintiff seeks to recover damages as a result of intentional wage withholding, unpaid wages for overtime, and constructive discharge by his employer, Centrum Valley Farms, LLP.

## II. JURISDICTION

2. Jurisdiction is conferred upon this Honorable Court pursuant to Iowa Code § 602.6101. Furthermore, venue is conferred pursuant to Iowa Code § 616.18.

## III. PARTIES

3. Plaintiff, Theodore Grim, was at all times material hereto, a United States citizen residing in Wright County, Iowa.

4. At all times material, Defendant Centrum Farms, LLP was, and is, an Iowa Limited Liability Partnership doing business in the State of Iowa with its principal place of business in Wright County, Iowa.

## IV. STATEMENT OF FACTS

5. Plaintiff was employed by Defendant as a general laborer for a period of approximately two years.

6. Plaintiff's regular job consisted of boxing eggs by putting eggs into flats in a box. He then stacked them on pallets and wrapped them up, took them with a pallet jack and loaded them into a freezer so they would be ready for loading onto trucks.

7. Plaintiff was injured in the course of his employment in May 2014.

8. As a result of the work-related left hand injury of May 2014, Plaintiff was provided restrictions that included no repeated grasping, and recommended icing every 15 minutes.

9. After Plaintiff sustained a work related injury, he was provided an "accommodated" kindling job which required picking out bad eggs. This position was extremely painful because of the repeated grasping and gripping.

10. Aside from the pain from the kindling job, the braces Plaintiff was wearing made it difficult to grasp eggs and resulted in eggs being broken.

11. Plaintiff was threatened with termination for breaking eggs.

12. When Plaintiff complained of pain from his work-related injury, he was allowed to do a painting job. This job still involved repetitive arm use and cause increased pain.

13. Continual failure to follow the work restrictions provided led Plaintiff to complain of pain from painting. Plaintiff was then sent home as "sick" for three days and was not paid wages or workers' compensation.

14. After Plaintiff returned from his three "sick days", he was told that if he missed any more work he would be fired.

15. During the course of his employment with Defendant, Plaintiff worked on average 12 hours per day, a minimum of five days per week and was paid his regular wages without overtime for all work performed.

16. Plaintiff's work-related injury and Defendant's failure to pay overtime led to the termination of his employment with Defendant.

## V. STATEMENT OF THE CLAIM

### COUNT I: WRONGFUL WITHHOLDING OF WAGES

17. Plaintiff reasserts paragraphs 5-16.

18. Following the end of Plaintiff's employment, he was never issued his last paycheck, a violation of Iowa Wage Payment Collection Laws, Iowa Code § 91A.3

19. Plaintiff attempted to mitigate his damages by attempting to collect his paycheck, but was unsuccessful.

20. Defendant intentionally failed to pay Plaintiff's wages as due, despite Plaintiff's requests for his last paycheck.

21. Based on the intentional withholding of wages, Plaintiff is entitled to his past wages, liquidated damages, court costs, and attorney fees. Iowa Code § 91A.8;

## COUNT II: FAILURE TO PAY OVERTIME WAGES

22. Plaintiff reasserts paragraphs 5-16.

23. Plaintiff worked for Defendants in excess of 40 hours per week on a regular basis during the duration of his employment. A typical work week for Plaintiff was 12 hours per day, a minimum of five days per week.

24. Plaintiff is entitled to his wages plus one and one half times his regular rate under the Fair Labor Standards Act, 29 U.S.C. § 207(a)(1), for all hours worked in excess of 40 hours per week.

25. Plaintiff discussed the overtime pay due to him with Defendant, but was unsuccessful at recovering his withheld overtime wages.

26. An exception for payment of overtime wages for farm laborers is set forth under 29 CFR 780.300. However, Defendant is not eligible for the farm workers exception to overtime pay.

27. Defendant's willful and intentional violation of the FLSA subjects them to a three year statute of limitations.

## COUNT III: CONSTRUCTIVE DISCHARGE—WORKERS' COMPENSATION RETALIATION

28. Plaintiff reasserts paragraphs 5-16.

29. Defendants intentionally failed to accommodate Plaintiff's work restrictions, which included no repeated grasping, and recommended icing every 15 minutes.

30. Defendant's intentional failure to accommodate Plaintiff's work restrictions was done in retaliation for filing for workers' compensation.

31. Plaintiff attempted to perform the work requested by Defendant after his injury and even attempted to mitigate his damages by requesting work within his restrictions.

32. Despite his requests, Plaintiff was not properly accommodated. Rather, he was further retaliated against by being taken off of work with no pay.

33. Based on Defendant's failure to accommodate, Plaintiff's working conditions became intolerable and he was forced to involuntarily resign from his employment with Defendant.

34. Ultimately, Plaintiff quit his employment because of the pain in his arms and the fact Defendant continually failed to accommodate his work restrictions. Plaintiff was also told he would not be offered a different position.

35. Had Plaintiff's work restrictions been accommodated, he would not have quit his job with Defendant.

**COUNT IV: CONSTRUCTIVE DISCHARGE—FAILURE TO PAY OVERTIME WAGES**

36. Plaintiff reasserts paragraphs 5-16.

37. Plaintiff is entitled to his wages plus one and one half times his regular rate under the Fair Labor Standards Act, 29 U.S.C. § 207(a)(1), for all hours worked in excess of 40 hours per week.

38. Plaintiff worked for Defendants in excess of 40 hours per week on a regular basis during the duration of his employment. A typical work week for Plaintiff was 12 hours per day, a minimum of five days per week

39. Based on the withholding of overtime wages, Plaintiff's working conditions became intolerable and he was forced to involuntarily resign from his employment with Defendant.

40. Specifically, the continuous pattern of wage withholding for approximately two years made the work performed for Defendant intolerable.

41. Prior to resigning from his employment with the defendant, Plaintiff attempted to mitigate his damages by discussing overtime pay with Defendant.

42. Plaintiff was unsuccessful in resolving the non-payment of overtime wages issue with Defendant.

43. Plaintiff's attempted resolution shows he made a reasonable effort to resolve the issue of failure to pay overtime wages.

44. Specifically, when Plaintiff asked about overtime pay, he was told that because he was a farm laborer, he was not paid anything but straight pay.

45. Defendant is not eligible for the farm workers exception to overtime pay under 29 CFR 780.300.

46. Had Plaintiff been properly compensated for the work performed for Defendant, he would not have left his position.

### I. INJURIES

47. As a direct and proximate result of the failure of the Defendants to pay wages due, failure to pay overtime, and constructive discharge, Plaintiff has suffered from lost wages and emotional distress

48. The damages sustained by Theodore Grim are greater than the jurisdictional limit of small claims court.

## VI. DAMAGES

49. The Plaintiff in this matter is entitled to actual and liquidated damages.

## VII. DEMAND FOR JURY TRIAL

50. Theodore Grim does hereby demand a jury trial on all issues in this matter.

## VIII. PRAYER FOR RELIEF

WHEREFORE, the Plaintiff demands judgment against the Defendant in this matter for the full, fair and reasonable amount of Plaintiff's damages together with interest as provided by law, the costs of this action, and attorney fees.

HEDBERG & BOULTON, P.C.

_____
Nathaniel R. Boulton AT0000992

_____
Sarah M. Wolfe AT0012177
100 Court Avenue, Suite 425
Des Moines, IA 50309
Tel: 515 288-4148
Fax: 515 288-4149
nboulton@hedberglaw.com
sarah@hedberglaw.com
**ATTORNEY FOR PLAINTIFF**

## AFFIDAVIT OF SERVICE

STATE OF IOWA )
                     )        Case No: CVCV024225
COUNTY OF POLK )        Date Received: 10/20/15

I, being first duly sworn, depose and say that I received and served:

- [X] Original Notice
- [X] Petition
- [X] Jury Demand
- [ ] Subpoena
- [ ] Petition for Dissolution of Marriage
- [ ] Order for Pretrial Conference and Discovery
- [ ] Family Law Case Requirements Order
- [ ] Confidential Information Form
- [ ] Order Re: Mediation of Temporary Matters and Setting Hearing
- [ ] Notice of Forfeiture of Real Estate Contract Order
- [ ] Application for Rule to Show Cause
- [ ] Application for Hearing of Temporary Issues
- [ ] Summons
- [ ] Complaint
- [ ] Verification of Account Identification of Judgment Debtor, and Certificate Re: Military Service
- [ ] Appearance and Answer
- [ ] Notice of Non-judicial Foreclosure
- [ ] Notice to Quit
- [ ] Exhibit _____
- [ ] Other _____
- [ ] Attachments

Person Served: Centrum Valley Farms
Date Served: 10-20-15 / 3:48 A.M./**P.M.**
666 Grand Ave # 2000 DSM, IA
(Address)

Manner of Service
- [ ] Personally
- [ ] Dwelling House, to person residing therein who was over the age of 18.
- [ ] Apartment Building
- [ ] Spouse, who lives at the dwelling house.
- [X] Corporation/State Official

c/o Michael Blaser - Reg Agent
NAME AND TITLE OR RELATIONSHIP OF INDIVIDUAL SERVED

Wendy Young
Subscribed and sworn to me by Wendy Young
this 21 day of Oct, 2015.

Service Fee: 50.00

Scott C. Gratias
Notary Public for the State of Iowa

SCOTT C. GRATIAS
Commission Number 171348
My Commission Expires