IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| **Theodore John Grim III,** | Case No. 3:15-cv-3167 |
| Plaintiff, | |
| v. | **Defendant's Reply Brief in Further Support of Its Pre-Answer Motion for Partial Dismissal** |
| **Centrum Valley Farms, LLP,** | |
| Defendant. | **(Oral Argument Requested)** |

Defendant Centrum Valley Farms, LLP ("Centrum Valley"), by and through its attorneys Faegre Baker Daniels LLP, and pursuant to Federal Rule of Civil Procedure 12, states as follows for its Reply Brief in Further Support of Its Pre-Answer Motion for Partial Dismissal.

**I. Count III of Grim's Petition should be dismissed because an alleged failure to accommodate a work injury cannot, as a matter of law, be a retaliatory act.**

Count III of Grim's lawsuit fails to state a claim for which relief can be granted because the acts Grim claims are "retaliatory"—attempted but insufficient accommodations—cannot, as a matter of law, constitute retaliation. Again, Centrum Valley is not aware of any Iowa authority analyzing a claim just like Grim's. However, in addition to the decision in *Griffin v. Dodge City Coop.*, 927 P.2d 958 (Kan. Ct. App. 1996), which is discussed at length in Centrum Valley's opening brief, other courts have also rejected the idea that a failure to accommodate, standing alone, is sufficient to support a claim of retaliation. For example, in *Gomez v. Laidlaw Transit*, 455 F. Supp. 2d 81 (D. Conn. 2006), the court noted the rule that a retaliatory act is sufficiently "adverse" for purposes of anti-discrimination laws only if "it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Id.* at 90 (quotations and citations omitted). As the *Gomez* court further noted,

> Requesting accommodation inevitably carries with it the possibility that the employer will not honor the request. If the prospect that an employer might not honor the request would deter a reasonable employee from even making the request, reasonable employees would not request the accommodation. For this reason, a failure to accommodate cannot constitute retaliation for an employee's request for accommodation.

*Id.*; *see also Morris v. Town of Islip*, 2014 U.S. Dist. LEXIS 133168, at *50 (E.D. N.Y. 2014) (holding the same).

Iowa law regarding workers' compensation retaliation claims is similar to the rule discussed by the *Gomez* court: for Grim to have a viable claim for discharge in violation of Iowa public policy, the alleged retaliatory act must have a "chilling effect on the public policy by discouraging the [protected] conduct." *Vails v. United Cmty. Ctr., Inc.*, Case No. C11-4048-LTS, 2012 U.S. Dist. LEXIS 172168, at *30–31 (N.D. Iowa Dec. 5, 2012). But since notifying an employer of a work injury and requesting an accommodation for it always "carries with it the possibility that the employer will not [—or in many cases, cannot—] honor the request," the mere act of denying an accommodation cannot "chill" an employee's desire to pursue workers' compensation benefits. Accordingly, Grim has not stated any claim for wrongful termination in violation of public policy, and Count III of his claim should be dismissed with prejudice.

**II. Count IV of Grim's lawsuit should be dismissed because there is no possible theory of relief under which Grim can recover for "constructive discharge" based on an alleged failure to pay overtime wages.**

Grim's resistance to Centrum Valley's motion to dismiss attempts to convert Count IV of Grim's lawsuit into a claim he did not plead: a claim for discharge in violation of public policy. *See* Grim's Br. at p. 6 ("[T]he wrongful constructive discharge in this matter is not based on the FLSA in and of itself, but rather the repercussions that follows [sic] Centrum Valley Farm's failure to comply with the clear public policy rights defined in FLSA and under Iowa Code §

2

91A."). Setting aside that Grim's Petition is devoid of any allegations that suggest Count IV of his lawsuit actually states such a claim (indeed, the words "public policy" appear nowhere in the Petition), Grim's claim still cannot survive a motion to dismiss for two reasons: first, applicable wage statutes preempt Grim's state law tort claim for wrongful discharge in violation of public policy; and second, Grim does not plead any facts supporting that his discharge was the result of his engagement in any protected activity.

### A. Applicable wage statutes preempt Grim's claim for wrongful discharge in violation of public policy.

Grim asserts in his resistance he "was constructively discharged *based on* his assertion of a public policy right regarding non-payment of overtime wages." Pl.'s Br. at p. 7 [ECF No. 9-1] (emphasis added). But both the Fair Labor Standards Act ("FLSA") and the Iowa Wage Payment Collections Law ("IWPCL") have their own statutory provisions providing a right to recover when an employee claims his discharge is "based on" engaging in protected activity.[1] *See* 29 U.S.C. § 215(a)(3) (prohibiting employers from "discharging or in any manner discriminating against any employee because such employee has filed any complaint"); Iowa Code § 91A.10 (same).

As this Court has held on numerous occasions, "the common-law action for wrongful discharge exists 'for the purpose of protecting an employee against retaliation when a statutory right is conferred *but no statutory remedy is provided*.'" *Johnson v. Dollar Gen.*, 778 F. Supp. 2d 934, 949 (N.D. Iowa 2011) (collecting cases holding the same) (emphasis added). Because the statutes forming the public policy upon which Grim relies—the FLSA and IWPCL—provide

---

[1] Though certain remedies available under the IWPCL may themselves be preempted by the FLSA. *See Zanders v. Wells Fargo Bank, N.A.*, 55 F. Supp. 3d 1163 (S.D. Iowa 2014) ("[T]he Court finds that Plaintiffs' IWPCL claim is dependent on, and duplicative of, their FLSA claim. Accordingly, the FLSA preempts Plaintiffs' IWPCL claim on behalf of similarly situated employees.").

a comprehensive remedy for plaintiffs who allege adverse employment actions "based on" protected activity under those statutes, Grim's common-law tort claim is preempted. *See id.* at 949–50.

**B.  Grim does not plead any facts supporting that his discharge was the result of his engagement in any protected activity.**

Even if Count IV of Grim's lawsuit were not preempted, it still cannot survive Centrum Valley's motion to dismiss because Grim has not pled sufficient facts to support each element of a claim for wrongful discharge in violation of public policy. As set forth in Centrum Valley's opening Brief, one of the required elements of that claim is that the employee engaged in activity protected by public policy, and the employee's conduct was the reason the employer discharged the employee. *See Berry v. Liberty Holdings, Inc.*, 803 N.W.2d 106, 109 (Iowa 2011). The Iowa Supreme Court recently elaborated on this element when it "recognize[d] the basic and consistent teaching of [its] case law, namely, that in order to prevail on a wrongful discharge claim in violation of public policy, the plaintiff must show the protected *conduct* was the determining factor in the adverse employment action." *Rivera v. Woodward Res. Ctr.*, 865 N.W.2d 887, 898 (Iowa 2015) (emphasis provided).

To the extent Count IV of Grim's lawsuit is based on a public-policy-violation theory, it fails because he does not allege any facts to support that his engagement in any protected activity was the "determining factor" in his constructive discharge. To the contrary, Grim alleges he was constructively discharged when he complained about his lack of overtime compensation to Centrum Valley, and his compensation did not change. Petition at ¶¶ 41, 42 [ECF No. 2-1]; Pl.'s Br. at p. 7 [ECF No. 9-1] ("Overall, the most important point here is that had . . . [Centrum Valley] properly addressed [Mr. Grim's] concerns regarding his pay he would have not been compelled to leave his position . . . ."). According to Grim, then, his protected activity had no

4

effect at all on the terms and conditions of his employment, and therefore could not have been a "determining factor" in his constructive discharge. Thus, Grim's claim fails to plead facts sufficient to support a claim for wrongful termination in violation of Iowa public policy.

In sum, Grim's claim for "Constructive Discharge—Failure to Pay Overtime Wages" (Count IV) fails because (1) as discussed in Defendant's opening brief, a mere failure to pay overtime wages is not sufficient to support a claim for constructive discharge under the FLSA (*Hutchins v. Int'l Bhd. of Teamsters*, 177 F.3d 1076, 1082 (8th Cir. 1999) (holding failure to rectify wage payment issues was insufficient to support claim under the FLSA)); (2) any common-law tort claim is preempted (*Johnson*, 778 F. Supp. 2d at 949 (holding common-law discharge claim is preempted where statute provides remedy)); and (3) Grim has failed to sufficiently plead the elements of a wrongful termination in violation of public policy under Iowa law (*Rivera*, 865 N.W.2d 887 (setting forth the elements of a claim for wrongful termination in violation of public policy, including that the discharge must be causally connected to the plaintiff's protected conduct)). The Court should dismiss Count IV of the lawsuit with prejudice.

## Conclusion

For the foregoing reasons, Centrum Valley respectfully requests this Court grant in full its Motion for Partial Dismissal, dismissing Counts III and IV of Grim's Petition with prejudice.

Dated:  December 22, 2015.

**FAEGRE BAKER DANIELS LLP**

/s/ Samantha M. Rollins
Karin A. Johnson, *Lead Counsel*
 karin.johnson@faegrebd.com
Samantha M. Rollins
 samantha.rollins@faegrebd.com
801 Grand Avenue, 33rd Floor
Des Moines, Iowa 50309-8011
Telephone: (515) 248-9000
Facsimile: (515) 248-9010
**ATTORNEYS FOR DEFENDANT**

## Certificate of Service

The undersigned hereby certifies that a true copy of the foregoing **Defendant's Reply Brief in Further Support of Its Pre-Answer Motion for Partial Dismissal** was served upon the Plaintiffs through the Court's CM/ECF filing system on the 22nd day of December, 2015.

/s/ Trisha Richey

Copy to:

Nathaniel R. Boulton
 nboulton@hedberglaw.com
Sarah M. Wolfe
 sarah@hedberglaw.com

*Attorneys for Plaintiff*

US.103728930.01