IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| **Theodore John Grim III,** | Case No. 3:15-cv-3167 |
| Plaintiff, | |
| v. | **Defendant' Answer and Defenses to Plaintiff's Petition at Law and Jury Demand** |
| **Centrum Valley Farms, LLP,** | |
| Defendant. | |

Defendant Centrum Valley Farms, LLP ("Centrum Valley"), for its Answer and Defenses to Plaintiff's Petition at Law and Jury Demand ("Petition"), denies each allegation, claim, and thing set forth in the Petition, except as hereafter expressly admitted, qualified, or explained.

## I. Preliminary Statement

1. Defendant admits Plaintiff has filed a civil lawsuit against Defendant seeking damages for intentional wage withholding, unpaid wages for overtime, and constructive discharge, and admits Plaintiff is a former employee of Defendant. Defendant denies the wrongful acts alleged in the lawsuit, denies it has any liability to Plaintiff, and denies any remaining allegations in the Paragraph 1 of the Petition.

## II. Jurisdiction

2. Defendant denies the allegations in Paragraph 2 of the Petition and affirmatively states this Court has jurisdiction over the lawsuit pursuant to 28 U.S.C. § 1331, 1441, and 1446.

## III. Parties

3. Defendant admits Plaintiff is a United States citizen. Defendant lacks sufficient information to form a reasonable belief as to the truth of the allegations in Paragraph 3 of the Petition, and therefore denies them.

4. Defendant admits the allegations in Paragraph 4 of the Petition.

1

## IV. Statement of Facts

5. Defendant admits Plaintiff was an at-will employee of Defendant from approximately December 2012 through the time Plaintiff voluntarily abandoned his employment in approximately June 2014. Defendant denies the remaining allegations in Paragraph 5 of the Petition.

6. Defendant admits one of Plaintiff's regular job duties consisted of boxing eggs, placing boxed eggs on a pallet, and using a pallet jack to transfer boxed eggs into a refrigerated room where the boxed eggs were staged for shipment. Defendant denies the remaining allegations in Paragraph 6 of the Petition.

7. Defendant admits Plaintiff reported he was injured at work in approximately May 2014, and denies any remaining allegations in Paragraph 7 of the Petition.

8. Defendant admits Plaintiff was assigned work restrictions on approximately May 5, 2014, that included a restriction on grasping. Defendant denies the remaining allegations in Paragraph 8 of the Petition.

9. Defendant admits Plaintiff was assigned to a "candling" position while he was subject to work restrictions, and avers that the work Plaintiff performed in that position was within any applicable restrictions. Defendant lacks sufficient information to form a reasonable belief as to the truth of the remaining allegations in Paragraph 9 of the Petition, and therefore denies them.

10. Defendant admits Plaintiff occasionally wore a brace on his wrist while he worked. Defendant lacks sufficient information to form a reasonable belief as to the truth of the remaining allegations in Paragraph 10 of the Petition, and therefore denies them.

11. Defendant denies the allegations in Paragraph 11 of the Petition.

12. Defendant admits Plaintiff was temporarily assigned to assist the maintenance

crew with a painting job as an accommodation of his work restrictions, and avers the work Plaintiff performed in that position was within any applicable restrictions. Defendant lacks sufficient information to form a reasonable belief as to the truth of the allegation that the temporary painting job caused "increased pain," and therefore denies it. Defendant denies any remaining allegations in Paragraph 12 of the Petition.

13. Defendant denies the allegations in Paragraph 13 of the Petition.

14. Defendant denies the allegations in Paragraph 14 of the Petition.

15. Defendant admits Plaintiff was paid regular wages without overtime, and avers Plaintiff was not entitled to overtime pay. Defendant denies the remaining allegations in Paragraph 15 of the Petition.

16. Defendant denies the allegations in Paragraph 16 of the Petition.

### V. Statement of the Claim

#### Count I: Wrongful Withholding of Wages

17. Defendant re-alleges and by this reference fully incorporates Paragraphs 1 through 16 of its Answer as though fully set forth here.

18. Defendant denies the allegations in Paragraph 18 of the Petition.

19. Defendant denies the allegations in Paragraph 19 of the Petition.

20. Defendant denies the allegations in Paragraph 20 of the Petition.

21. Defendant denies the allegations in Paragraph 21 of the Petition.

#### Count II: Failure to Pay Overtime Wages

22. Defendant re-alleges and by this reference fully incorporates Paragraphs 1 through 21 of its Answer as though fully set forth here.

23. Defendant admits Plaintiff regularly worked in excess of 40 hours per week during his employment and denies the remaining allegations in Paragraph 23 of the Petition.

24. Defendant denies the allegations in Paragraph 24 of the Petition.

25. Defendant denies the allegations in Paragraph 25 of the Petition.

26. Paragraph 26 of the Petition contains conclusions of law to which no answer is required. To the extent additional response is necessary, Defendant admits Plaintiff was not subject to the overtime exemption of the Fair Labor Standards Act ("FLSA") described at 29 C.F.R. § 780.300. Defendant avers that Plaintiff was subject to the overtime exemption codified at 29 U.S.C. § 213(b)(12), which exempts "any employee employed in agriculture" from the overtime requirements of the FLSA.

27. Defendant denies the allegations in Paragraph 27 of the Petition.

**Count III: Constructive Discharge – Workers' Compensation Retaliation**

28. Defendant re-alleges and by this reference fully incorporates Paragraphs 1 through 27 of its Answer as though fully set forth here.

29. Defendant denies the allegations in Paragraph 29 of the Petition.

30. Defendant denies the allegations in Paragraph 30 of the Petition.

31. Defendant admits Plaintiff performed some of the light-duty work Defendant assigned to Plaintiff. Defendant further admits Plaintiff requested different work assignments, which Defendant accommodated, even though each work assignment Defendant gave to Plaintiff was within any applicable work restrictions. Defendant denies any remaining allegations in Paragraph 31 of the Petition.

32. Defendant denies the allegations in Paragraph 32 of the Petition.

33. Defendant denies the allegations in Paragraph 33 of the Petition.

34. Defendant lacks sufficient information to form a reasonable belief as to the truth of the allegation that Plaintiff abandoned his job due to "pain in his arms," and therefore denies it. Defendant denies the remaining allegations in Paragraph 34 of the Petition.

35. Defendant denies the allegations in Paragraph 35 of the Petition.

**Count IV: Constructive Discharge – Failure to Pay Overtime Wages**

36. Defendant re-alleges and by this reference fully incorporates Paragraphs 1 through 35 of its Answer as though fully set forth here.

37. The Court dismissed Count IV of Plaintiff's lawsuit in its Order dated March 18, 2016. Accordingly, no answer to Paragraph 37 of the Petition is necessary or provided.

38. The Court dismissed Count IV of Plaintiff's lawsuit in its Order dated March 18, 2016. Accordingly, no answer to Paragraph 38 of the Petition is necessary or provided.

39. The Court dismissed Count IV of Plaintiff's lawsuit in its Order dated March 18, 2016. Accordingly, no answer to Paragraph 39 of the Petition is necessary or provided.

40. The Court dismissed Count IV of Plaintiff's lawsuit in its Order dated March 18, 2016. Accordingly, no answer to Paragraph 40 of the Petition is necessary or provided.

41. The Court dismissed Count IV of Plaintiff's lawsuit in its Order dated March 18, 2016. Accordingly, no answer to Paragraph 41 of the Petition is necessary or provided.

42. The Court dismissed Count IV of Plaintiff's lawsuit in its Order dated March 18, 2016. Accordingly, no answer to Paragraph 42 of the Petition is necessary or provided.

43. The Court dismissed Count IV of Plaintiff's lawsuit in its Order dated March 18, 2016. Accordingly, no answer to Paragraph 43 of the Petition is necessary or provided.

44. The Court dismissed Count IV of Plaintiff's lawsuit in its Order dated March 18, 2016. Accordingly, no answer to Paragraph 44 of the Petition is necessary or provided.

45. The Court dismissed Count IV of Plaintiff's lawsuit in its Order dated March 18, 2016. Accordingly, no answer to Paragraph 45 of the Petition is necessary or provided.

46. The Court dismissed Count IV of Plaintiff's lawsuit in its Order dated March 18, 2016. Accordingly, no answer to Paragraph 46 of the Petition is necessary or provided.

### I. Injuries

47. Defendant denies the allegations in Paragraph 47 of the Petition.

48. Defendant denies the allegations in Paragraph 48 of the Petition.

### VI. Damages

49. Defendant denies the allegations in Paragraph 49 of the Petition.

### VII. Demand for Jury Trial

50. Defendant admits Plaintiff requests trial by jury. Whether Plaintiff is entitled to a jury trial is a legal question to which no response is required. To the extent further answer is necessary, Defendant specifically objects to a jury determination of any equitable issues in this action and any issue, damage, or remedy for which a jury trial is not available by statute or law.

### VIII. Prayer for Relief

WHEREFORE, Defendant prays that Plaintiff takes nothing and that this Court (i) enter judgment in favor of Defendant and (ii) grant Defendant such other relief as this Court deems just and equitable.

### Defenses

For their defenses to the Petition, Defendant states and alleges as follows:

A. Defendant re-alleges and by this reference fully incorporates paragraphs 1 through 50 of their Answer as though fully set forth here.

B. Plaintiff's requested relief and asserted damages are limited, or restricted in whole or in part by statute, the Court's March 18, 2016 Order, and/or applicable law.

C. To the extent Plaintiff failed to mitigate his damages, if any, he is barred from recovery, or any award of damages to him must be appropriately diminished.

D. Plaintiff's conduct and omissions, and not Defendant's, are the cause of Plaintiff's damages, if any.

E.  Plaintiff was paid in accordance with the FLSA. More specifically, Plaintiff was paid in accordance with the FLSA exemption provided at 29 U.S.C. § 213(b)(12), which exempts "any employee employed in agriculture" from the overtime requirements of the FLSA.

F.  Defendant at all times acted in good faith to comply with the FLSA, and with reasonable grounds to believe its actions did not violate the statutes cited in the Petition, and Defendant asserts a lack of willfulness, recklessness, or intent to violate the FLSA as a defense to any claim by Plaintiff for liquidated damages.

G.  To the extent discovery reveals that Plaintiff falsely reported his hours or failed to follow Defendant's policies for reporting his working time, and there is no evidence that Defendant required the false reporting of hours or that Defendant knew or should have known that Plaintiff was providing false information regarding his hours or failing to follow Defendant's policies, Defendant hereby invokes the doctrine of estoppel to bar the claims asserted by Plaintiff.

H.  Defendant reserves the right to assert any additional defenses it discovers during the course of the litigation.

WHEREFORE, Defendant prays that Plaintiff take nothing and that this Court (i) enter judgment in favor of Defendant and (ii) grant Defendant such other relief as this Court deems just and equitable.

Dated: April 1, 2016.

**FAEGRE BAKER DANIELS LLP**

/s/ Karin A. Johnson
Karin A. Johnson, *Lead Counsel*
 karin.johnson@faegrebd.com
Samantha M. Rollins
 *samantha.rollins@faegrebd.com*
801 Grand Avenue, 33rd Floor
Des Moines, Iowa 50309-8011
Telephone: (515) 248-9000
Facsimile: (515) 248-9010
**ATTORNEYS FOR DEFENDANT**

**Certificate of Service**

The undersigned hereby certifies that a true copy of the foregoing **Answer and Defenses to Plaintiff's Petition at Law and Jury Demand** was served upon the Plaintiffs through the Court's CM/ECF filing system on the 1st day of April, 2016.

/s/ Trisha Richey

Copy to:

Nathaniel R. Boulton
 nboulton@hedberglaw.com
Sarah M. Wolfe
 sarah@hedberglaw.com

*Attorneys for Plaintiff*